UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:11-cr-178-JHR |
| | ) | |
| R. CRAIG JOHNSON, | ) | |
| | ) | |
|       Defendant | ) | |

### MEMORANDUM DECISION ON MOTION FOR ACQUITTAL

The defendant, R. Craig Johnson, moves for acquittal on the charge of trespass on the Rachel Carson National Wildlife Refuge in violation of 50 C.F.R. § 26.21(a), of which he was convicted by a jury on February 7, 2012 (Docket No. 65). I deny the motion.

The regulation at issue provides, in relevant part: "No person shall trespass, including but not limited to entering, occupying, using, or being upon, any national wildlife refuge, except as specifically authorized in this Subchapter C or in other applicable Federal Regulations." 50 C.F.R. § 26.21(a). The defendant takes issue with the definition of "knowingly" included in my instructions to the jury. Motion for Acquittal Pursuant to Federal Rule of Criminal Procedure 29(c) ("Motion") (Docket No. 73) at 4-13. That word does not appear in the regulation, but appears in 16 U.S.C. § 668dd(f)(1), which makes violation of the regulation a crime.

I instructed the jury on this point as follows: "For purposes of [this] charge[], the word 'knowingly' means that the act was done voluntarily and intentionally and not because of mistake or accident." As the defendant notes, Motion at 4, this definition was taken from the First Circuit's Pattern Criminal Jury Instructions. Essentially, the defendant contends that this instruction was incorrect because case law requires that the government also prove that he knew

1

that his conduct violated the regulation. Motion at 4-13. The case law that he cites imposes no such requirement for conviction of violation of the regulation at issue here. In addition, even if the defendant's position were correct, there was evidence from which the jury could have found that the defendant did have such knowledge.[1]

The defendant conflates case law construing criminal statutes requiring that the defendant act knowingly with those requiring that the defendant act willfully. The two terms are not interchangeable. *United States v. Pitrone*, 115 F.3d 1, 5-6 (1st Cir. 1997). As the defendant's own quotation from *Dixon v. United States*, 548 U.S. 1, 5 (2006), establishes, "the term 'knowingly' merely requires proof of knowledge of the facts that constitute the offense." Motion at 5. That is the only description of a mental state involved in this case, as 16 U.S.C. § 668dd(f)(1) makes clear. The Supreme Court went on to say: "And the term 'willfully' . . . requires a defendant to have 'acted with knowledge that his conduct was unlawful.'" 548 U.S. at 6. The word "willfully" is not included in the statute and regulation at issue in this case. Contrary to the defendant's argument, Motion at 5-6, *Dixon* cannot be construed to import the definition of "willfully" into every criminal statute that uses the term "knowingly."

The same is true of the defendant's interpretation of language in *Arthur Andersen LLP v. United States*, 544 U.S. 696 (2005). The passage he quotes from that opinion involves interpretation of the joinder of "knowingly" with "corruptly." Motion at 6. The word "corruptly" is not present in the statute and regulation at issue here, and it would make no sense if it were. The joinder of the two words in the statute at issue in *Arthur Anderson* clearly distinguishes that case from the one at hand.

---

[1] Officer Kerr testified that the defendant admitted, on the date of the incident giving rise to this action, that he knew that he should not be where he was, on land belonging to the Refuge.

Similarly, the defendant's recitation of the Third Circuit's comment to one of its pattern jury instructions, in addition to lacking authority in the First Circuit, which has its own pattern jury instructions, is unhelpful.  The defendant makes no attempt to show why the misdemeanor of trespass on national wildlife refuge land belongs in "a category of cases that require a specialized meaning of knowing." *Id*. at 7.  In addition, nothing in *Liporata v. United States,* 471 U.S. 419 (1985), requires this court to adopt the defendant's position, because it is simply incorrect to say that the "formulation rejected by the Supreme Court in *Liporata* is precisely what the Court required in Mr. Johnson's case." Motion at 8.  To attempt to apply the quoted language in the *Liporata* opinion, which is limited by its own terms "to the element at issue in this case," *id*., to all crimes committed by violation of a regulation, *id*. at 9, is to stretch that language much too far.

The defendant's quotation of language from the opinion in *United States v. Parrilla Bonilla*, 648 F.2d 1373 (1st Cir. 1981), also demonstrates the fallacy of his argument.  The First Circuit said in that case, in dealing with the issue of knowledge and intent, as quoted by the defendant: "[W]hen a section 1382 prosecution proceeds on the basis that the defendant has entered a restricted military reservation 'for the purpose of' unauthorized entry, we think it must be shown that the defendant had knowledge or notice that such entry was, in fact, prohibited." Motion at 11.  In the instant case, the crime is defined without any reference to a defendant's particular purpose.  That is a crucial distinction.

In this regard, the defendant also argues that he could not have knowingly trespassed on Refuge property, because the signs posted on the borders of that property, including two that were visible from the defendant's back yard, "do not say no entry, do not enter, or closed to the public. The signs are simply notice that you may be entering government land." *Id*.  That is not

3

the case. The signs at issue read, *inter alia*, "Unauthorized entry prohibited." Government Exhs. 6 & 7; Defendant's Exh. 8. Under Maine law, "[e]very unauthorized entry on the land of another is a trespass and anyone who makes such an entry is a trespasser." *Lipin v. Ellis*, No. 07-92-P-S, 2007 WL 2198876, at *10 (D. Me. July 26, 2007) (citation omitted). The same is true under federal law. *See, e.g.*, 43 C.F.R. § 2808.10 (defining trespass on public lands); *Black & Decker (US), Inc. v. Smith*, 568 F.Supp.2d 929, 936 (W.D. Tenn. 2008) (citing Senate Report equating "unauthorized access" and "mere trespass offense"); *Harris v. United States*, No. Civ.S03878 LKK/DAD, 2003 WL 23332985, at *6 (E.D. Cal. Aug. 5, 2003) (unauthorized transformation of right of way is trespass on public lands). There was no evidence at trial that would allow the drawing of a reasonable inference that the defendant was in fact authorized to be on the Refuge land that abuts his property. There was, however, evidence that he was not so authorized. *See United States v. Best*, 476 F. Supp. 34, 38-39 (D. Colo. 1979).

The defendant also asserts that, in order for him to be convicted on this charge, the government must prove that Officer Kerr "told Mr. Johnson that if he crossed a line that he would be violating the regulations and Mr. Johnson testified that no one ever told him that crossing onto the refuge land by itself was illegal." Motion at 12. However, Kerr's testimony can only reasonably be interpreted to be that he told the defendant repeatedly that he could not go onto Refuge land at will, and that Kerr told the defendant this while acting as a law enforcement officer. If trespass could only be proved when the alleged trespasser had been shown a line on the ground which he could not cross, the concept would have little practical force.

The defendant contends that his interpretation is the only one consistent with the fact that Congress "included recreation as a permissible use of refuge land." *Id*. at 13. But, he fails to

4

cite any statutory authority for this characterization of the intent of Congress. Applicable regulations provide that "[a]ll national wildlife refuges are maintained for the primary purpose of developing a national program of wildlife and ecological conservation and rehabilitation." 50 C.F.R. § 25.11(b). There is no mention of recreation in this regulation. In addition, "all areas included in the National Wildlife Refuge System are closed to public access until and unless we open the area for a use or uses[.]" 50 C.F.R. § 25.21(a).[2]

The defendant has failed to demonstrate that he was entitled to the jury instruction regarding intent that he proposed and I declined to give. His motion for acquittal is **DENIED**.

Dated this 4th day of May, 2012.

/s/ John H. Rich III
John H. Rich III
United States Magistrate Judge

---

[2] If the defendant meant to refer to 16 U.S.C. § 460k, that statute allows recreational use of areas within the National Wildlife Refuge System only for very limited purposes and with limited scope.